IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | | |
|---|---|---|
| **WILLIAM R. OILER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO. 5:04-0994** |
| | ) | |
| **JO ANNE BARNHART,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION**

This is an action seeking review of the decision of the Commissioner of Social Security denying Claimant's Applications for Supplemental Security Income (SSI) under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f. This case is presently pending before the Court on Plaintiff's Motion for Summary Judgment (Document No. 11.) and Defendant's Motion for Judgment on the Pleadings (Document No. 15.). Both parties have consented in writing to a decision by the United States Magistrate Judge.

The Administrative Law Judge [ALJ] found that Plaintiff, William R. Oiler (hereinafter referred to as "Claimant"), filed an application for SSI on August 29, 2002. (Tr. at 16.) Claimant's Application indicates that Claimant asserted that his disability began on January 5, 1974, the date of his birth. (Tr. at 55.) Claimant indicates in his Disability Report, however, that he became unable to work in May, 2002, due to "dizziness - heart condition." (Tr. at 68.) The claim was denied initially and upon reconsideration. (Tr. at 33 - 35, 39 - 40.) On May 26, 2003, Claimant requested a hearing before an ALJ. (Tr. at 41.) The hearing was held on March 17, 2004, before the Honorable Timothy C. Pace. (Tr. at 132-157.) By Decision dated April 21, 2004, the ALJ determined that

Claimant was not entitled to benefits. (Tr. at 16-23.) On July 14, 2004, the Appeals Council denied Claimant's request for review. (Tr. at 5-6.) Claimant filed a Complaint in this Court on September 13, 2004, seeking review of the Commissioner's decision. (Document No. 1.)

Under 42 U.S.C. § 423(d)(5) and § 1382c(a)(3)(H)(i), a claimant for disability benefits has the burden of proving a disability. See Blalock v. Richardson, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 1382c(a)(3)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. § 416.920 (1999). If an individual is found "not disabled" at any step, further inquiry is unnecessary. Id. § 416.920(a). The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment. Id. § 416.920(b). If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment. Id. § 416.920(c). If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. Id. § 416.920(d). If it does, the claimant is found disabled and awarded benefits. Id. If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work. Id. § 416.920(e). By satisfying inquiry four, the claimant establishes a prima facie case of disability. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). The burden then shifts to the Commissioner, McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work

experience. 20 C.F.R. § 416.920(f) (1999). The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because he had not engaged in substantial gainful activity since the alleged date of onset of disability. (Tr. at 21, Finding No. 1.) Under the second inquiry, the ALJ found that "[t]he claimant's recurrent syncope secondary to cardiac arrhythmia is a 'severe' impairment . . .." (Tr. at 21, Second Finding No. 2.) At the third inquiry, the ALJ concluded that Claimant's impairments did not meet or equal the level of severity of any listing in Appendix 1. (Tr. at 21, Finding No. 3.) The ALJ then found that Claimant had a residual functional capacity as follows:

> to stand/walk up to two hours a day, sit up to six hours a day and lift up to ten pounds. He is limited nonexertionally in that he can perform only simple, routine, tasks that do not require sustained concentration. He cannot do work around hazards such as unprotected heights and/or dangerous machinery. He cannot perform a job that requires writing. He cannot climb steps.

(Tr. at 21, Finding No. 5.) Thus, the ALJ concluded that Claimant could perform a significant range of sedentary work. (Tr. at 21, Finding No. 9.) The ALJ found that Claimant had no past relevant work. (Tr. at 21, Finding No. 6.) Nevertheless, the ALJ concluded that "[b]ased on the entire record including the testimony of the vocational expert, the undersigned concludes that considering the claimant's age, educational background, work experience, and residual functional capacity, he is capable of making a successful adjustment to work that exists in significant numbers in the national economy." (Tr. at 22.) On this basis, benefits were denied. (Tr. at 22.)

Scope of Review

The sole issue before this Court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence. In Blalock v. Richardson, substantial evidence was defined as

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'

Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1972) (quoting Laws v. Cellebreze, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the Court, is charged with resolving conflicts in the evidence. Hays v.Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless, the Courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals that the decision of the Commissioner is supported by substantial evidence.

Claimant's Background

Claimant was born on January 5, 1974, and was 30 years old at the time of the administrative hearing on March 17, 2004. (Tr. at 55, 137.) He has a 10th grade education and cannot read or write. (Tr. at 74, 137.) In the past, he worked as a garage mechanic. (Tr. at 69, 137.)

The Medical Record

The Court has reviewed the medical evidence of record and will discuss it in relation to Claimant's arguments.

Claimant's Challenges to the Commissioner's Decision and the Commissioner's Response.

Claimant asserts that the Commissioner's decision is not supported by substantial evidence because (1) the ALJ did not conduct a proper symptoms/pain and credibility analysis; (2) the ALJ failed to develop the record; (3) the ALJ did not consider Claimant impairments in combination; (4) the ALJ's denial of benefits is not supported by substantial evidence. (Document No. 12, pp. 11 - 15.) The Commissioner responds that the ALJ properly assessed Plaintiff's credibility, err in development of the record or fail to consider Claimant's impairments in combination. (Document No. 16, pp. 8 - 14.)

## ANALYSIS

1. <u>The ALJ's Symptoms/Pain Analysis.</u>

At levels four and five of the sequential analysis, the ALJ must determine the claimant's residual functional capacity (RFC) for substantial gainful activity, <u>i.e.</u>, what the claimant can still do. At level four, the ALJ considers the claimant's symptoms, including pain. A two-step process is used to determine whether a claimant's symptoms, including pain, are disabling. First, objective medical evidence must show the existence of a medical impairment that reasonably could be expected to produce the symptoms/pain alleged. 20 C.F.R. §§ 404.1529(b) and 416.929(b) (2002); SSR 96-7p; <u>see also</u> <u>Craig v. Chater</u>, 76 F.3d 585, 594 (4th Cir. 1996). If such an impairment is established, then the intensity and persistence of the symptoms/pain and the extent to which they affect a claimant's ability to work must be evaluated. <u>Craig</u>, 76 F.3d at 595. When a claimant proves the existence of a medical condition that could cause symptoms/pain, "the claimant's subjective complaints [of symptoms/pain] must be considered by the Secretary, and these complaints may not be rejected merely because the severity of pain cannot be proved by objective medical evidence." <u>Mickles v. Shalala</u>, 29 F.3d 918, 919 (4th Cir. 1994). Objective medical evidence of

symptoms/pain should be gathered and considered, but the absence of such evidence is not determinative. Hyatt v. Sullivan, 899 F.2d 329, 337 (4th Cir. 1990). A claimant's symptoms, including pain, are considered to diminish his capacity to work to the extent that alleged functional limitations are reasonably consistent with objective medical and other evidence. 20 C.F.R. §§ 404.1529(c)(4) and 416.929(c)(4) (2002). Additionally, the regulations provide that:

> [w]e will consider all of the evidence presented, including information about your prior work record, your statements about your symptoms, evidence submitted by your treating, examining, or consulting physician or psychologist, and observations by our employees and other persons. . . . Factors relevant to your symptoms, such as pain, which we will consider include:
>
> (i) Your daily activities;
>
> (ii) The location, duration, frequency, and intensity of your pain or other symptoms.
>
> (iii) Precipitating and aggravating factors;
>
> (iv) The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms;
>
> (v) Treatment, other than medication, you receive or have received for relief of your pain or other symptoms;
>
> (vi) Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 or 20 minutes every hour, sleeping on a board, etc.); and
>
> (vii) Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. § 416.929(c)(3) (2002).

SSR 96-7p repeats the two-step regulatory provisions. See SSR 96-7p, 1996 WL 374186 (July 2, 1996). Significantly, SSR 96-7p requires the adjudicator to engage in the credibility assessment as early as step two in the sequential analysis; i.e., the ALJ must consider the impact of

the symptoms on a claimant's ability to function along with the objective medical and other evidence in determining whether the claimant's impairment is "severe" within the meaning of the regulations. A "severe" impairment is one which significantly limits the physical or mental ability to do basic work activities. 20 C.F.R. § 416.920(c).

Craig and SSR 96-7p provide that although an ALJ may look for objective medical evidence of an underlying impairment capable of causing the type of pain alleged, the ALJ is not to reject a claimant's allegations solely because there is no objective medical evidence of the pain itself. Craig, 76 F.3d at 585, 594; SSR 96-7p ("the adjudicator must make a finding on the credibility of the individual's statements based on a consideration of the entire case record"). For example, the allegations of a person who has a condition capable of causing pain may not be rejected simply because there is no evidence of "reduced joint motion, muscle spasms, deteriorating tissues [or] redness" to corroborate the extent of the pain. Id. at 595. Nevertheless, Craig does not prevent an ALJ from considering the lack of objective evidence of the pain or the lack of other corroborating evidence as factors in his decision. The only analysis which Craig prohibits is one in which the ALJ rejects allegations of pain solely because the pain itself is not supported by objective medical evidence.

The ALJ noted the requirements of the applicable law and Regulations with regard to assessing pain, symptoms and credibility. (Tr. at 18.) The ALJ concluded that Claimant's "medical impairments can reasonably be expected to cause limitations on functioning" thus meeting the first step of the symptoms/pain analysis. (Tr. at 20.) The ALJ found Claimant's subjective reports "not to be entirely credible regarding the severity of his symptoms and their limiting effect on his ability to perform work related activities." (Id.) The ALJ then proceeded to point out how Claimant's report

of his symptoms and treatment was not supported by the record. (Tr. at 18 - 19.) In doing so, the ALJ summarized the medical record. The Court has thoroughly examined the record in view of the ALJ's summary of it and finds the ALJ's summary accurate. The ALJ's assessment of Claimant's credibility is supported by substantial evidence of record. The record does not reflect the frequency of treatment which Claimant related in testifying at the administrative hearing (Tr. at 147.), and there is no indication in the record that Claimant had a heart attack in 2002 as he said (Id.). No medical source has indicated that Claimant's symptoms/pain render him unable to work. As the Commissioner points out, the ALJ did not discredit Claimant's subjective report of his symptoms/pain altogether but found that the evidence supported a finding that Claimant could perform work at the sedentary exertional level with limitations based upon his inability to read and write and the symptoms which he claimed as a result of his impairments and medications. Accordingly, the Court finds the ALJ's symptoms/pain and credibility analysis in conformity with applicable law and Regulations and supported by substantial evidence.

2. The ALJ's Duty to Develop the Record.

Claimant states that "[t]he plaintiff testified at the hearing that he had a heart attack in August 2002. (TR 147) It would seem in order to make this a fair hearing and give the plaintiff the benefit of doubt as to his condition, that [the ALJ] would have inquired as to where he was treated for the heart attack and ordered the records to determine whether the plaintiff had had the alleged attack." (Document No. 12, p. 13.) The Commissioner responds that Claimant is responsible for submitting documents which supports his claims, and Claimant submitted nothing before or after the hearing supporting his claim that he had a heart attack in 2002. (Document No. 16, pp. 11 - 13.)

It is Claimant's responsibility to prove to the Commissioner that he is disabled. 20 C.F.R.

8

§ 416.912(a) (2002). Thus, Claimant is responsible for providing medical evidence to the Commissioner showing that he has an impairment. Id. § 416.912(c). Although the ALJ has a duty to fully and fairly develop the record, he is not required to act as plaintiff's counsel. Clark v. Shalala, 28 F.3d 828, 830-31 (8th Cir. 1994). It appears that Claimant has been represented by counsel in this case throughout the proceedings.

The Court finds Claimant's argument on this point unavailing. Although an ALJ does have a responsibility to help develop the evidence, the evidence in the instant case was adequate for the ALJ to make a determination. See Cook v. Heckler, 783 F.2d 1168, 1173 (4th Cir. 1986). The record indicates that Claimant was hospitalized on August 26, 2002, complaining of rapid heart beat. (Tr. at 100.) He was released on August 27, 2002. (Tr. at 97.) Nothing in the records of the hospital or Claimant's treating physician Dr. Bhirud (Tr. at 118 - 127.) indicates that Claimant had a heart attack as he claimed. The ALJ discussed these circumstances in his decision. (Tr. at 18.) Claimant is responsible in the first place for producing evidence in support of his claims and has failed to produce any evidence that he had a heart attack in August, 2002. The Court finds that the medical evidence of record was sufficient for the ALJ to render his decision and the ALJ had no duty to develop it by obtaining further documents as Claimant states.

3. The ALJ's Consideration of Claimant's Impairments in Combination.

Claimant asserts that "[i]t is apparent in this case that the Administrative Law Judge failed to take into consideration the impairments that the plaintiff has and considered them in isolation as opposed to considering them in combination to determine the impact they would have on his ability to work. The accumulative effect that the various impairments have on the Plaintiff's ability to work must be analyzed which was not done in this case." (Document No. 12, pp. 14 - 15.) The

Commissioner responds that the ALJ considered all of Claimant's impairments and symptoms based upon the record as a whole as is evidenced by his determination of Claimant's RFC. (Document No. 16, pp. 13 - 14.)

> The Social Security Regulations provide as follows:
>
> In determining whether your physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility under the law, we will consider the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity.

20 C.F.R. § 416.923 (2002). Where there is a combination of impairments, the issue "is not only the existence of the problems, but also the degree of their severity, and whether, together, they impaired the claimant's ability to engage in substantial gainful activity." Oppenheim v. Finch, 495 F.2d 396, 398 (4th Cir. 1974). The ailments should not be fractionalized and considered in isolation, but considered in combination to determine the impact on the ability of the claimant to engage in substantial gainful activity. Id. The cumulative or synergistic effect that the various impairments have on claimant's ability to work must be analyzed. DeLoatche v. Heckler, 715 F.2d 148, 150 (4th Cir. 1983.)

The Claimant fails to point to any specific portion of the record or any specific evidence demonstrating that the ALJ failed to consider the severity of Claimant's impairments in combination and "fractionalized" the impairments. The ALJ specifically noted the requirements of the Regulations with regard to considering impairments in combination. (Tr. at 17.) The ALJ then determined Claimant's impairment, "recurrent syncope secondary to cardiac arrhythmia . . .." (Id.) The ALJ proceeded to determine Claimant's symptoms in view of his subjective complaints and clinical findings in medical documents in the record. The ALJ determined Claimant's RFC on the

basis of his findings in these regards and Claimant's age and education. (Tr. at 21.) The ALJ's analysis is consistent with applicable law and Regulations and supported by substantial evidence. Claimant's assertion to the contrary is without merit.

For the reasons stated above, The Court finds, contrary to Claimant's assertion, that the Commissioner's decision is supported by substantial evidence. Accordingly, by Judgment Order entered this day, the Plaintiff's Motion for Summary Judgement (Document No. 11.) is **DENIED**, Defendant's Motion for Judgment on the Pleadings (Document No. 15.) is **GRANTED**, the Commissioner's decision is **AFFIRMED** and this matter is **DISMISSED** from the docket of this Court.

The Clerk of this Court is directed to send a copy of this Memorandum Opinion to counsel of record.

ENTER: September 16, 2005.

R. Clarke VanDervort
United States Magistrate Judge